| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>                Plaintiff,<br><br>    v.<br><br>ROBIN MCCONNELL, *et al.*,<br><br>                Defendants. | Case No. 1:20-cv-00076-JDP<br><br>SCREENING ORDER<br><br>ORDER THAT PLAINTIFF:<br><br>(1) NOTIFY THE COURT THAT HE WILL PROCEED ONLY ON THE CLAIMS SANCTIONED BY THIS ORDER AND WILL VOLUNTARILY DISMISS ALL OTHER DEFENDANTS AND AMEND TO REMOVE ALL OTHER CLAIMS;<br><br>(2) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(3) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 1<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S SUPPLEMENTAL REQUEST FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>ECF No. 16<br><br>SIXTY-DAY DEADLINE<br><br>ORDER THAT THE CLERK'S OFFICE ASSIGN CASE TO A DISTRICT JUDGE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Roderick William Lear is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that staff at Corcoran State Prison have attacked him, exposed him to unsafe conditions, ignored his medical needs, and denied him Americans with Disabilities Act ("ADA") accommodations. He names sixteen prison officials as defendants, including two Doe defendants. The court finds that plaintiff has stated an Eighth Amendment medical claim against defendant McConnell, a conditions-of-confinement claim against defendants Gallagher and Barona, an excessive-force claim against defendants Loza, Gamboa, and Ruiz, and an ADA claim against Corcoran State Prison, but no other claims. Plaintiff must now choose between (1) proceeding only on the claims found cognizable by the court and voluntarily dismissing all other defendants and amending to remove all other claims, (2) filing an amended complaint, in an attempt to make out additional claims or claims against additional defendants, or (3) standing by the current complaint, subject to dismissal of claims and defendants consistent with this order.

On March 19, 2020, plaintiff also made a supplemental request for a temporary restraining order and a preliminary injunction. ECF No. 16. For the reasons described below, the court recommends that the request be denied.

**SCREENING AND PLEADING REQUIREMENTS**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**DISCUSSION**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). The defendants here are all state-prison employees who, accepting plaintiff's allegations as true, can be inferred to have acted under color of state law. *See Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988))).

Plaintiff has failed to satisfy the threshold causation requirement with respect to defendant Muniz and the two "Doe" defendants. The court is unable to find any specific allegations against

3

these defendants in plaintiff's complaint. Plaintiff has, however, described the actions of the other defendants; we thus discuss the actions of those defendants in relation to the relevant substantive areas of law below.

### *Eighth Amendment Excessive Force*

Plaintiff alleges that several correctional officers—Loza, Gamboa, and Ruiz—attacked him with no justification, beating him and spraying him with pepper spray. ECF No. 1 at 7. Plaintiff has stated a claim for excessive force against these defendants. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) ("[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). Plaintiff has not stated a claim against defendant Randolph, however. Plaintiff alleges that Randolph abused him verbally, but nothing more. *See* ECF No. 1 at 7 (alleging that Randolph taunted him and sang a provocative hip-hop song); *see also Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("[V]erbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.").

### *Eighth Amendment Conditions of Confinement*

Conditions of confinement violate the Eighth Amendment when prison officials are deliberately indifferent to a prisoner's basic need. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). Here, plaintiff alleges that defendants Gallagher and Barona shut off his water for two days, knowing that he had been sprayed with pepper spray and had no way of cleaning himself other than using his toilet. *See* ECF No. 1 at 11. This allegation is sufficient to state a conditions of confinement claim against these two defendants.

### *Eighth Amendment Medical Care*

Medical care violates the Eighth Amendment when prison officials are "deliberately indifferent" to a "serious medical need." *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). Deliberate indifference requires a showing that "the course of treatment the [medical officials] chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*,

821 F.3d 1085, 1092 (9th Cir. 2016). This is a high standard. Isolated incidences of neglect do not suffice; nor do mere disagreements over the best course of treatment. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Many of plaintiff's claims do not rise to this high standard, either because the incidents in question are isolated or because plaintiff's claims do not suggest deliberate indifference. Plaintiff's claims against defendants Holt, McCabe, Resendez, Uriarte, Raquel, and Bencito are that they refused to address a particular medical issue (such as plaintiff's shoulder pain or mobility impairments), seemingly at a single meeting. Without more, these allegations are too vague and isolated to state a deliberate indifference claim.

Plaintiff's allegations against defendant McConnell, however, are of a different order. Plaintiff alleges that defendant McConnell refused to treat plaintiff's shoulder and mobility issues over the course of numerous visits, and falsified documents to disguise this lack of treatment. *See* ECF No. 1 at 4, 12. These allegations are sufficient to state an Eighth Amendment claim against defendant McConnell.

*ADA Claims*

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability because of his disability. 42 U.S.C. § 12132 (1994). "Generally, public entities[1] must 'make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" *Pierce v. County of Orange*, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)). To state a claim under the ADA, a plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;

---

[1] To the extent plaintiff intends to sue the individual named defendants for violation of his rights under the ADA, they are not proper defendants. The proper defendant in ADA actions is the public entity responsible for the alleged discrimination. *See United States v. Georgia*, 546 U.S. 151, 153 (2006). State correctional facilities are "public entities" within the meaning of the ADA. *See* 42 U.S.C. § 12131(1)(A) & (B); *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

5

(3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010).

Here, plaintiff has sufficiently alleged that his mobility issues were a disability that prevented him from participating in a variety of prison activities, such as basic transportation and yard activities. *See* ECF No. 1 at 4-5.

**RECOMMENDATION ON TEMPORARY RESTRAINING ORDER**

Plaintiff also moves for both a temporary restraining order and preliminary injunction, alleging that he was recently threatened by a prison officer. *See* ECF No. 16. The legal standard for issuing either form of relief is the same. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking such extraordinary relief must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of such relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). At this early stage in the case, plaintiff has not shown that any of these factors tip in his favor. Plaintiff's motion also does not identify what injunctive relief he seeks. The court will therefore recommend that plaintiff's request be denied.

This findings and recommendation will be submitted to a U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 60 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**CONCLUSION AND ORDER**

The court finds that plaintiff has stated an Eighth Amendment medical claim against defendant McConnell, a conditions-of-confinement claim against defendants Gallagher and Barona, an excessive-force claim against defendants Loza, Gamboa, and Ruiz, and an ADA claim against Corcoran State Prison, but no other claims. In light of this conclusion, plaintiff must

6

choose between (1) proceeding only on the claims found cognizable and (via written notice to the court) voluntarily dismissing and amending to remove all other defendants and claims, (2) amending the complaint to add facts in an attempt to make out additional claims or claims against additional defendants, or (3) standing by the current complaint subject to dismissal of claims and defendants consistent with this order.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of plaintiff's rights. Plaintiff should also describe any harm he suffered from the violation of his rights. Plaintiff should not fundamentally alter his complaint or add unrelated issues. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly,

1. The clerk's office must send plaintiff a civil rights complaint form.
2. Within sixty (60) days from the date of service of this order, plaintiff must either:
   a. File a first amended complaint;
   b. Notify the court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the First Amendment retaliation claim against Allison, Fugate, and Burnes; or,
   c. Notify the court in writing that he does not agree to go forward on only the claims found cognizable by this order or file an amended complaint, in which case the court will recommend the dismissal, with prejudice, of claims and defendants consistent with this order.
3. Should plaintiff choose to amend the complaint, plaintiff must caption the amended complaint "First Amended Complaint" and refer to the appropriate case number.
4. Failure to comply with this order will result in the dismissal of this action.
5. The clerk's office must assign this case to a district judge to review the findings and recommendations above.

IT IS SO ORDERED.

Dated: April 8, 2020  
_____  
UNITED STATES MAGISTRATE JUDGE

No. 205.